J-S21044-14
J-S21046-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUSSIU STEWART | |
| Appellant | No. 2534 EDA 2013 |

Appeal from the Judgment of Sentence July 9, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006476-2012

--------------------------------------------------------------------------------

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUSSIU STEWART | |
| Appellant | No. 2536 EDA 2013 |

Appeal from the Judgment of Sentence July 9, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006483-2012

BEFORE: SHOGAN, J., ALLEN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                              **FILED OCTOBER 07, 2014**

Rassiu Stewart appeals from two judgments of sentence imposed on July 9, 2013, in the Montgomery County Court of Common Pleas.[1] The trial court sentenced Stewart to an aggregate term of 15 to 30 years' imprisonment, following Stewart's open guilty pleas, in two separate cases, to robbery[2] and related charges, for his participation in two armed robberies that occurred on August 13, 2012. On appeal, Stewart challenges the legality of his sentences. For the reasons set forth below, we vacate the judgments of sentence, and remand for resentencing.

On March 26, 2013, Stewart entered open guilty pleas in the following two cases: (1) at Docket No. 6476-2012, he pled guilty to robbery, persons not to possess firearms, and firearms not to be carried without a license;[3] and (2) at Docket No. 6483-2012, he pled guilty to robbery, persons not to possess firearms, firearms not to be carried without a license, and possession with intent to deliver controlled substances (PWID).[4] Sentencing was originally scheduled for June 21, 2013, however, that hearing was

_____

[1] Because the appeals at 2534 EDA 2013 and 2536 EDA 2013 both involve related questions of law and are part of the same sentencing scheme, we have consolidated them for purposes of disposition.

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. §§ 3701(a)(1)(iii), 6105, and 6106, respectively.

[4] 18 Pa.C.S. §§ 3701(a)(1)(iii), 6105, and 6106, and 35 P.S. 780-113(a)(30), respectively.

continued so that the parties could determine whether Stewart had a prior conviction for robbery, which would constitute a first strike for sentencing purposes. *See* 42 Pa.C.S. § 9714(a)(1).[5]

At the July 2, 2013, sentencing hearing, the Commonwealth provided the trial court with a certified copy of Stewart's 2009 conviction for robbery, a felony of the first degree. Defense counsel agreed the prior conviction counted as a first strike, and that both of the robbery convictions before the court would count as second strikes pursuant to Section 9714. *See* N.T., 7/9/2013, at 9, 11. The trial court then proceeded to impose the following sentences. At Docket No. 6476-2012, the trial court sentenced Stewart to a mandatory minimum term of 10 to 20 years' imprisonment for robbery, and concurrent terms of four to 10 years for persons not to possess firearms and two to 10 years for firearms not to be carried without a license. At Docket No. 6483-2012, the court imposed the same sentence for the count of robbery and the violations of the Uniform Firearms Act. However, the trial court also imposed a consecutive sentence of a mandatory minimum five to

---

[5] The "three strikes" statute provides, in relevant part, that a trial court must impose a minimum sentence of "at least ten years of total confinement" when a person, convicted of a "crime of violence" had, at the time he committed the crime, "previously been convicted of a crime of violence." 42 Pa.C.S. § 9714(a)(1). A conviction of robbery pursuant to 18 Pa.C.S. § 3701(a)(i), (ii), and (iii), constitutes a "crime of violence" under the statute. *See* 42 Pa.C.S. § 9714(g).

10 years' imprisonment for PWID, pursuant to 42 Pa.C.S. § 9712.1.[6]  The trial court directed the sentences at Docket No. 6483-2012 would run concurrently with the sentences at Docket No. 6476-2012.  Therefore, the aggregate sentence imposed for both cases was a term of 15 to 30 years' incarceration.  Stewart filed post sentence motions at both docket numbers

_____

[6] The statute provides, in pertinent part:

> (a) Mandatory sentence.--Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> * * * *
>
> (c) Proof at sentencing.--Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1(a), (c).  As we will discuss *infra*, an *en banc* panel of this Court has held that this sentencing provision is unconstitutional. ***Commonwealth v. Newman***, 2014 PA Super 178 (Pa. Super. 2014) (*en banc*).

challenging only the trial court's imposition of a consecutive sentence on the charge of PWID at Docket No. 6483-2013. The court denied the motions on August 8, 2013, and these timely appeals followed.[7]

In both appeals, Stewart challenges the legality of the two to 10 year sentence imposed by the trial court for his convictions of firearms not to be carried without a license. He argues that, because the charges were graded as felonies of the third degree, the maximum sentence the trial court could impose was seven years' imprisonment. Moreover, with respect to Docket No. 6483-2012, Stewart contends the five year mandatory minimum sentence the trial court imposed for his conviction of PWID was illegal in light of the United States Supreme Court's recent decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).

Preliminarily, we note that neither of these claims was raised in Stewart's post-sentence motions or his concise statements.[8] However, since

---

[7] On September 24, 2013, the trial court ordered Stewart to file, in each case, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Stewart complied with the trial court's directive and filed his concise statements on October 7, 2013.

The appeal of the judgment of sentence at trial Docket No. 6476-2012 is docketed in this Court at 2534 EDA 2013. The appeal of the judgment of sentence at trial Docket No. 6483-2012 is docketed in this Court at 2536 EDA 2013.

[8] The only issues Stewart raised in his post sentence motions and concise statements challenged the discretionary aspects of his sentence. Counsel, however, has abandoned these claims on appeal. Indeed, in the appellate

*(Footnote Continued Next Page)*

- 5 -

both issues implicate the legality of his sentence,[9] they are non-waivable claims, and can be raised for the first time on direct appeal. 42 Pa.C.S. § 9781(a); *Commonwealth v. Mears*, 972 A.2d 1210, 1211 (Pa. Super. 2010).

Our review of a challenge to the legality of a sentence is well-established:

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Orie Melvin*, 2014 PA Super 181, *40 (Pa. Super. 2014).

---

*(Footnote Continued)* ————————————

brief at 2534 EDA 2013 (trial court Docket No. 6476-2012), counsel states that Stewart's discretionary aspects of sentencing challenge "lacks any basis in either law or fact and is, therefore, frivolous." Stewart's Brief, 2534 EDA 2013, at 18. Counsel then proceeds to explain why the issue is frivolous. *See id.* at 18-24. While such an argument is proper in a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), and accompanied by a petition to withdraw as counsel, it is **not proper** in an advocate's brief. However, because we are ultimately vacating the judgments of sentence in these appeals, and remanding for a new sentencing hearing, we decline to remand for a proper brief.

[9] *See Commonwealth v. Bradley,* 834 A.2d 1127, 1131 (Pa. 2003) ("An illegal sentence is one that exceeds the statutory limits.") (citation omitted); *Newman*, *supra*, at *3 ("[A] challenge to a sentence premised upon *Alleyne* [] implicates the legality of the sentence and cannot be waived on appeal.") (*en banc*).

First, Stewart challenges the trial court's imposition of sentences of two to 10 years' incarceration for each of his convictions of firearms not to be carried without a license. The Uniform Firearms Act specifically provides that a person who carries a firearm without a valid license commits a felony of the third degree.[10] 18 Pa.C.S. § 6106(a). The statutory maximum sentence for a violation of a third degree felony is seven years' imprisonment. 18 Pa.C.S. § 1103(3). Therefore, we agree that Stewart's sentences of two to 10 years' imprisonment for his convictions of Section 6106, are illegal, and must be vacated.

Although the Commonwealth concedes that the sentences are illegal, it argues we need not remand for resentencing, but may simply correct the sentences to reflect a maximum term of seven years' imprisonment for these charges, because it claims that, here, "it is clear that the trial court intended to impose the maximum permissible sentence on each conviction[.]" Commonwealth's Brief, 2534 EDA 2013, at 6; Commonwealth's Brief, 2536 EDA 2013, at 7.

_____

[10] We note that Stewart's criminal information in each appeal properly listed the charges of firearms not to be carried without a license as third degree felonies. *See* Docket No. 6476-2012, Criminal Information, 10/10/2012, at Count 6; Docket No. 6483-2012, Criminal Information, 10/10/2012, at Count 6.

"If this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing." *Commonwealth v. Benchoff*, 700 A.2d 1289, 1294 (Pa. Super. 1997). *See Commonwealth v. Vasquez*, 476 A.2d 466, 469 (Pa. Super. 1994) (declining to remand case for resentencing when improper sentence ran concurrently to proper sentence; appellate court merely vacated improper sentence). However, "[i]f a correction by this [C]ourt may upset the sentencing scheme envisioned by the trial court, the better practice is to remand." *Commonwealth v. Dobbs*, 682 A.2d 388, 392 (1996). Here, although the charges stem from two separate cases and run concurrently to other lengthier sentences, they are part of one sentencing scheme envisioned by the trial court. Therefore, we believe a remand for resentencing is appropriate and warranted.[11]

Next, at Docket No. 6483-2012 (2536 EDA 2013), Stewart contends the mandatory minimum five to 10 year sentence imposed for his conviction of PWID is illegal in light of the United States Supreme Court's decision in *Alleyne*, *supra*. We agree.

_____

[11] Moreover, as we will discuss *infra*, we are also compelled to vacate the consecutive sentence imposed by the trial court for the charge of PWID at Docket No. 6483-2012. Therefore, a remand will allow the court to fashion a new sentencing scheme.

The PWID sentence was imposed pursuant to 42 Pa.C.S. § 9712.1, which, in relevant part, mandates a trial court to impose a five-year mandatory minimum sentence when an actor is in "physical possession or control of a firearm" while committing the crime of PWID. 42 Pa.C.S. § 9712.1(a). The most troublesome part of the sentencing statute is subsection (c) which permits the trial court to determine the applicability of the provision during the sentencing hearing, pursuant to a preponderance of the evidence standard. *See id.* at § 9712.1(c).

In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be **submitted to the jury** and found **beyond a reasonable doubt**." *Alleyne*, 133 S.Ct. at 2155 (emphasis supplied). The Court expanded upon its holding in *Apprendi*,[12] which applied only to facts that increased the **statutory maximum** for a crime, to include facts which increase the **minimum** sentence. *Id.* Accordingly, under the holding of *Alleyne*, the "fact" that a defendant sold drugs while in "physical possession or control of a firearm" under Section 9712.1, must be submitted to a jury.

---

[12] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

This Court, sitting *en banc* in **Commonwealth v. Watley**, 81 A.3d 108, (Pa. Super. 2013), *appeal denied*, 95 A.3d 277 (Pa. 2014), recognized that:

> The *Alleyne* decision … renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

*Id.* at 117. However, in that case, the *en banc* panel concluded the appellant's sentence was not illegal based upon the jury's verdict. The **Watley** Court held that the jury, by virtue of its guilty verdicts on the charges of PWID and possession of a firearm, "did render a specific finding as to whether Appellant possessed the handguns found in the car; the reason it did not do so in conjunction with the PWID count is that the prevailing law at the time … did not require such a procedure." **Watley**, 81 A.3d at 121. The Court explained:

> [T]he uncontroverted evidence in the instant case established that one firearm was located in the same glove compartment as the drugs and another handgun was located on the passenger-side floor in close proximity to the drugs, and the jury determined beyond a reasonable doubt that Appellant possessed those firearms. Therefore, the facts necessary to establish application of the mandatory minimum sentence not only were essentially undisputed and overwhelming, they were determined by the jury.

*Id.* at 121.

Here, the Commonwealth contends that **Watley** is controlling, and that the **Alleyne** error was harmless because Stewart "admitted to the

mandatory-triggering facts as part of his guilty plea[.]" Commonwealth's Brief, 2536 EDA 2013, at 12. Further, it asserts that if this Court should determine that a remand for resentencing is required, we should permit a "fact-finder to determine whether the mandatory minimum applies." *Id.* Both of these arguments, however, were recently rejected by another *en banc* panel of this Court in **Commonwealth v. Newman**, 2014 PA Super 178 (Pa. Super. 2014).

In **Newman**, this Court held that **Alleyne** "renders 42 Pa.C.S.A. § 9712.1 unconstitutional[.]" *Id.* at *15. Although the **Newman** Court acknowledged that an **Alleyne** issue **may** be subject to a harmless error analysis, it found the error was not harmless in that case. The Court opined:

> We cannot find that the error here was harmless, because the evidence as to the element of "in close proximity" was not necessarily overwhelming. As previously noted, the drug contraband was found in a bathroom. The firearm was found under a mattress in a bedroom across the hallway, and the actual distance between the contraband and the firearm was six to eight feet.

*Id.* at *12. The Court recognized that the term "in close proximity" as used in Section 9712.1 was subject to much debate among Pennsylvania courts such that there was "no guarantee that a jury would undoubtedly find under the evidence that appellant possessed the firearm[.]" *Id.* at *13.

The facts in the case *sub judice* fall somewhere between those presented in **Watley** and those in **Newman**. Here, Stewart entered a guilty plea. However, absent from his plea was an explicit acknowledgment that

he was "in physical control or possession of a firearm" at the time he committed the crime of PWID. 42 Pa.C.S. § 9712.1(a). The Commonwealth argues the affidavit of probable cause "indicates that he discarded the firearm while being chased by police. When that chase ended, he was found to be in possession of forty-six packets of heroin." Commonwealth's Brief, 2536 EDA 2013, at 12. Therefore, it asserts that Stewart admitted the "mandatory-triggering" facts. *Id.*

However, the facts presented by the Commonwealth during the guilty plea colloquy were as follows:

> [Prosecutor:] [A]round 11:00 o'clock in the evening of the same day, [you] walked into A Plus Store, and the cashier there was actually Syed Azam … Harris Beg was about a foot or two behind Mr. Azam. They were both within a few feet of you when you, … put a gun up on the table or had a gun in your hand and put it on the counter and demanded money. And they told you they didn't have any money and you left. Correct?
>
> [Stewart:] Yes, sir.
>
> [Prosecutor:] You also understand that by pleading guilty today, you are admitting that you had in your possession heroin, plastic baggies, and wax paper, and you possessed this with the intent to deliver it?
>
> [Stewart:] Yes.

N.T., 3/26/2013, at 21.

Accordingly, while the circumstances surrounding Stewart's arrest would certainly permit a fact-finder to reasonably infer that Stewart possessed a firearm while committing PWID, we do not agree that the facts he admitted during the guilty plea colloquy mandate such a conclusion.

Therefore, since the facts that increased Stewart's mandatory minimum sentence were not determined by a jury beyond a reasonable doubt, nor were they explicitly admitted by him, we find the trial court erred in applying Section 9712.1 to increase Stewart's minimum sentence.

Moreover, we note the **Newman** Court also rejected the Commonwealth's alternative argument, that upon remand the trial court may submit this question to a fact-finder to determine, beyond a reasonable doubt, whether the mandatory minimum applies. Indeed the Court opined:

> The Commonwealth's suggestion that we remand for a sentencing jury would require this court to manufacture whole cloth a replacement enforcement mechanism for Section 9712.1; in other words, the Commonwealth is asking us to legislate. We recognize that in the prosecution of capital cases in Pennsylvania, there is a similar, bifurcated process where the jury first determines guilt in the trial proceeding (the guilt phase) and then weighs aggravating and mitigating factors in the sentencing proceeding (the penalty phase). However, this mechanism was created by the General Assembly and is enshrined in our statutes at 42 Pa.C.S.A. § 9711. We find that it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**. We cannot do so.

**Id.** at *14. Accordingly, upon remand the trial court is directed to sentence Stewart without application of the mandatory minimum provision in Section 9712.1.

- 13 -

Because we conclude the trial court imposed illegal sentences at Docket Nos. 6476-2012 and 6483-2012, we vacate the judgments of sentence, and remand for a new sentencing hearing.[13]

Judgments of sentence at the trial court's Docket Nos. 6476-2012 and 6483-2012 vacated. Cases remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014

_____

[13] We note that Stewart's "second strike" mandatory minimum sentences of 10 to 20 years for his robbery convictions, imposed pursuant to 42 Pa.C.S. § 9714(a)(1), did not violate **Alleyne**. This Court has explained that:

> Prior convictions are the remaining exception to **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and **Alleyne** …, insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right. **See Almendarez–Torres v. United States**, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**Commonwealth v. Hale**, 85 A.3d 570, 585 n.13 (Pa. Super. 2014). Accordingly, upon remand, the trial court may re-impose the Section 9714 mandatory minimum sentences for Stewart's "second strike" robbery convictions.